IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMANDA DAVIS, | § | |
| *Plaintiff,* | § | SA-23-CV-00315-ESC |
| vs. | § | |
| AVANZAR INTERIOR TECHNOLOGIES, LTD., | § | |
| *Defendant.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Defendant's Motion for Extension of Time to File a Dispositive Motion [#20]. By its motion, Defendant asks the Court to extend the dispositive motions deadline. For the reasons that follow, the Court will deny the motion.

The record in this case reflects that the Court's governing Scheduling Order established a dispositive motions deadline of December 8, 2023, and a trial date of March 6, 2024. Defendant filed its motion requesting an extension of the deadline to file a motion for summary judgment on January 11, 2024, more than a month after the deadline to file such motion had expired.

Rule 16(b) governs requests to modify the governing Scheduling Order and requires a showing of "good cause" and a judge's consent for any modification. *See* Fed. R. Civ. P. 16(b)(4). This good cause standard requires a party "to show that the deadlines cannot be reasonably met despite the diligence of the party needing the extension." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *S&W Enters., L.L.C. v. Southwest Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). Where a party seeks leave for an amendment of the Scheduling Order *after* the deadline has already expired, as here, four factors are relevant

to establishing good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Id.* (citing *S&W Enters.*, 315 F.3d at 536).

Defendant's motion does not reference Rule 16 or the good cause standard.  Nor does it address the four factors sufficiently.  According to Defendant's motion, counsel for Defendant (Elizabeth Assunto Germany) was on maternity leave from November 2023 through January 2024, and counsel was unable to depose Plaintiff until January 4, 2024, and therefore could not timely move for summary judgment.  According to a declaration from Ms. Germany attached to the motion, her law firm had limited availability given that it was operating with one attorney and had previously scheduled deadlines in other matters.  Defendant has not explained why counsel did not request an extension of the dispositive motion deadline before its expiration or why it was unable to depose Plaintiff at an earlier date.  Nor does Defendant explain the importance of the motion for summary judgment or acknowledge that the requested extension would inevitably require a trial continuance to give the Court adequate time to rule on the motion.

Moreover, as pointed out in Plaintiff's response to the motion, Ms. Germany was not counsel of record in this case until *after* she returned from maternity leave and made an appearance for the January 10, 2024, pretrial status conference.  And it appears that there were additional delays in proceeding with Plaintiff's deposition, which were wholly unrelated to Ms. Germany's maternity leave.  Defendant has failed to demonstrate good cause for the requested extension or that counsel acted diligently in managing its caseload and timely seeking extensions as needed.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Extension of Time to File a Dispositive Motion [#20] is **DENIED**.

**IT IS FURTHER ORDERED** that this case remains set for trial on **March 4, 2024**. (Order [#14].)

SIGNED this 22nd day of January, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE